**VILLAGE OF PEMBERVILLE, Appellee,**

v.

**HALE, Appellant.**

[Cite as *Pemberville v. Hale* (1998), 125 Ohio App.3d 629.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–97–043.

Decided Feb. 13, 1998.

*Mark D. Tolles,* for appellee.

*Walter M. Meneses,* for appellant.

Sherck, Judge.

This appeal comes to us from a judgment of conviction and sentence issued by the Bowling Green Municipal Court for possession of drug paraphernalia. Because we conclude that the court should have suppressed evidence acquired through a warrantless search, we reverse.

Appellant, Tony J. Hale, was a passenger in a car stopped by a Pemberville police officer. When the officer arrested the driver of the car for carrying a concealed weapon, he ordered the car in which appellant was riding towed. The officer informed appellant that he could not ride in the towed vehicle, but told him to ride into town in the police cruiser. Before the officer put appellant in the cruiser he conducted a "pat-down" search. During this search the officer felt something in appellant's pocket and pulled it out. The objects the officer found were a package of cigarette rolling papers and a "roach" clip. These items were the basis for the charge of possession of drug paraphernalia.

Appellant entered a plea of not guilty and moved to suppress the clip and papers found in the warrantless search of his person. At the suppression hearing, the arresting officer testified that he had not offered appellant the option of acquiring other transportation and that a pat-down search before placing anyone in a police vehicle was departmental policy. The officer testified that it was also policy to have one placed in a police cruiser empty his pockets. Notwithstanding this, the officer stated that when he felt the "roach" clip in appellant's pocket he thought that it might be scissors, which could be used as a potential weapon.

Following the hearing, the court ordered the rolling papers suppressed but denied appellant's request to suppress the "roach" clip. After this ruling, appellant withdrew his not guilty plea, entered a plea of no contest, and was found guilty of possession of drug paraphernalia. This appeal followed, with appellant setting forth the following single assignment of error:

"The trial court erred in denying the motion to suppress because there was no reasonable and articulable suspicion of criminal activity sufficient to justify the warrantless search of appellant's [sic] pockets."

The Fourth Amendment to the Constitution of the United States and Section 14, Article I of the Constitution of Ohio forbid unreasonable searches and seizures. Searches and seizures without a warrant are unreasonable *per se*. *State v. Kessler* (1978), 53 Ohio St.2d 204, 7 O.O.3d 375, 373 N.E.2d 1252. To this basic rule there are but a few specifically established exceptions. The state bears the burden of proving that one of these exceptions applies for evidence derived

from a warrantless search or seizure to survive a motion to suppress. *Id.; State v. Smith* (1991), 73 Ohio App.3d 471, 597 N.E.2d 1132.

One such exception is an investigatory detention of an individual reasonably suspected of criminal activity. During such a brief detention the officer may conduct a limited search for weapons. *Terry v. Ohio* (1968), 392 U.S. 1, 22–24, 88 S.Ct. 1868, 1880–1882, 20 L.Ed.2d 889, 906–908. This, however, was not a *Terry* stop search. The officer gave no testimony that appellant was suspected of any criminal activity when he was frisked.

Also permitted is a brief pat-down search for weapons of an individual who is to be placed in a police vehicle for a lawful reason. *State v. Evans* (1993), 67 Ohio St.3d 405, 618 N.E.2d 162, paragraph one of the syllabus; *Bowling Green v. Reardon* (Sept. 17, 1997), Wood App. No. WD–96–070, unreported, 1997 WL 570936. This is the exception that the state sought to establish in this case.

Appellant counters by arguing that the policy of the Pemberville police, requiring that all persons placed in police cruisers empty their pockets, goes beyond the permitted pat-down. We agree. See *Terry* at 23, 88 S.Ct. at 1881, 20 L.Ed.2d at 907. Nevertheless, the officer testified, and the trial court apparently believed, that the "roach" clip felt like scissors. Given this, the officer was within the spirit of *Terry* and *Evans* to further examine the item to determine its exact nature. To this extent, the trial court correctly suppressed the rolling papers, on which the officer gave no testimony on its being a suspected weapon.

More troublesome to us is the requirement that appellant get in the police cruiser. The testimony of the arresting officer, taken as a whole, reveals that appellant was given little choice in this matter. It appears that the officer ordered him to get in the car and insisted on searching him before he did so. This was so even though at the time appellant was not charged with, or suspected of, any criminal offense. Clearly, appellant at that point should have had the option of accepting the ride—and the search—or declining both. The officer's testimony is plain: appellant was not informed of that option.

Appellee attempts to justify this by arguing that if the officer had left appellant alone in the country without transportation, the city might have incurred civil liability if anything harmful had happened. That may be, but it does not alter the fact that unless the officer provided appellant with the option, he subjected him to an unlawful seizure of his person, which acts to taint the subsequent search. The situation is somewhat analogous to that found in *State v. Robinette* (1997), 80 Ohio St.3d 234, 685 N.E.2d 762, in which the Supreme Court of Ohio held that one is unlawfully detained after a traffic stop unless informed of his or her ability to leave the scene. In such an instance, a subsequently obtained consent to search is deemed involuntary. *Id.* at 245, 685 N.E.2d at 771. In this case,

appellant was not informed that he could leave, nor was a consent to search obtained.

Accordingly, we conclude that the officer's search of appellant was unlawful and the trial court erred in failing to suppress all of the fruits of that search. Appellant's sole assignment of error is found well taken.

The judgment of the Bowling Green Municipal Court is reversed. Costs to appellee.

*Judgment reversed.*

GLASSER and KNEPPER, JJ., concur.