Defendant-appellant Thurston Barrow appeals the October 9, 1998 Judgment Entry of the Stark County Court of Common Pleas which memorialized the denial of his motion to suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 15, 1998, at approximately 3:53 a.m., State Highway Patrolman Lewis Porcella stopped a vehicle on Interstate 77 for speeding and for a marked lane violation. The driver of the vehicle was subsequently arrested for DWI. Appellant was one of three passengers in the vehicle. Because none of the passengers had a valid driver's license, Trooper Porcella impounded the vehicle. Trooper Porcella called for backup to transport appellant and the two other passengers to a telephone because it would be a violation of law to walk along the interstate.
Pursuant to departmental policy, Trooper Porcella performed a pat-down search of each person to be placed in the cruiser, including appellant. During this pat-down, Trooper Porcella felt a large bulge under appellant's left pant leg. When he pulled up the pant leg, a bag of "hard packed" marijuana fell to the ground. Appellant was arrested and charged with one count of possession of marijuana in violation of R.C.2925.11(A).
At his arraignment, appellant pled not guilty. Appellant moved to suppress the evidence as fruit of an unconstitutional search and seizure. On September 28, 1998, the trial court held a suppression hearing. After hearing testimony, the trial court overruled the motion to suppress. On October 2, 1998, appellant withdrew his plea of not guilty and entered a plea of no contest. The trial court found appellant guilty and sentenced him to six months in prison and a six month license suspension. In an October 7, 1998 Judgment Entry, the trial court memorialized its October 2, 1998 sentence. On October 9, 1998, the trial court memorialized its decision to overrule appellant's motion to suppress. It is from that Judgment Entry appellant prosecutes this appeal assigning the following as error:
 THE TRIAL COURT ERRED IN FINDING THE PATDOWN [sic] SEARCH AND SUBSEQUENT REMOVAL OF AN ITEM FROM DEFENDANT-APPELLANT'S SWEATPANT LEG TO BE WITHIN THE LEGITIMATE SCOPE OF A SEARCH FOR WEAPONS FOR OFFICER SAFETY. (EXH. B).
 I.
In his sole assignment of error, appellant argues the trial court erred in finding the initial pat-down search legitimate for officer safety. Appellant further maintains even if the initial pat-down was valid, the subsequent removal of an object from beneath appellant's pant leg was unreasonable and unlawful. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See:State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry
(1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623,627, 620 N.E.2d 906, 908, and State v. Guysinger
(1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Because appellant assigns error regarding the ultimate issue raised in the motion to suppress, our review is de novo.
The standard for an investigatory stop of a motor vehicle is less than probable cause and can be founded upon a reasonable and articulable suspicion that an individual is involved in criminal activity. United States v. Cortez (1981),449 U.S. 411; State v. Freeman (1980), 64 Ohio St.2d 291. In determining whether a stop is proper, a court must view that stop in light of the totality of the surrounding circumstances. Freeman,supra.
Trooper Porcella testified he stopped the vehicle in which appellant was a passenger after he paced the vehicle traveling at 70-80 miles per hour and after he witnessed the vehicle change lanes without using a signal. We find, therefore, the initial stop was proper.
We must next consider whether the pat-down for officer safety was lawful. Trooper Porcella testified it was departmental policy to pat-down any person to be placed in a cruiser. When conducting the search, Trooper Porcella testified he
 * * * just did a quick pat-down, felt for any bulges, any hard bulges for anything like a weapon, contraband, anything illegal, anything that I felt could have harmed me or the other trooper.
Trooper Porcella testified he stopped the vehicle in an unlighted section of an interstate with more than a mile between exits. It was nearly 4:00 a.m. and Trooper Porcella had to impound the car because none of the passengers held a valid driver's license. Further, Trooper Porcella testified he could not allow the passengers to walk along the interstate in violation of the law. See, R.C. 4511.051. Trooper Porcella decided he had no choice but to drive the passengers from the interstate.
In State v. Evans (1993), 67 Ohio St.3d 405, the Ohio Supreme Court held:
 The driver of a motor vehicle may be subjected to a brief pat-down search for weapons where the detaining officer has a lawful reason to detain said driver in the patrol car.
Id. at syllabus par. 1. We find the Supreme Court's rationale in Evans is equally applicable to passengers lawfully detained in a patrol car. The question becomes, was appellant lawfully detained in the patrol car under the circumstances presented herein.
In Village of Pemberville v. Hale (1998), 125 Ohio App.3d 629, the Sixth District Court of Appeals reviewed a similar fact pattern. In Hale, the defendant was a passenger in a car stopped by a police officer. The driver was arrested for carrying a concealed weapon and the police officer ordered the car towed. The police officer told the defendant he could not ride in the towed vehicle, and told him to ride to town in the cruiser. The opinion does not specifically state whether the car was stopped along an interstate. We presume from the statement of facts it was not.
As in the case sub judice, the officer patted down the passenger before placing him in the back of the cruiser. During the pat-down, the officer felt something in appellant's pocket and pulled out a package of cigarette rolling papers and a "roach" clip. Hale was charged with possession of drug paraphernalia.
The trial court in Hale suppressed the rolling papers but not the "roach" clip, finding the clip could be used as a potential weapon. The Sixth District reversed the decision of the trial court:
 More troublesome to us is the requirement that appellant get in the police cruiser. The testimony of the arresting officer, taken as a whole, reveals that appellant was given little choice in this matter. It appears that the officer ordered him to get in the car and insisted on searching him before he did so. This was so even though at the time appellant was not charged with, or suspected of, any criminal offense. Clearly appellant at that point should have had the option of accepting the ride — and the search — or declining both. The officer's testimony is plain: appellant was not informed of that option.
 Appellee attempts to justify this by arguing that if the officer had left appellant alone in the country without transportation, the city might have incurred civil liability if anything harmful had happened. That may be, but it does not alter the fact that unless the officer provided appellant with the option, he subjected him to an unlawful seizure of his person which acts to taint the subsequent search.
 Id., at 632.
We find the cogent reasoning of the Hale Court inapplicable to the case sub judice. Herein, Trooper Porcella stopped the vehicle on the interstate. Because it would have been a violation of law to allow the passengers to walk on the interstate under these circumstances, we find, in this limited instance, Trooper Porcella had no choice but to transport appellant from the interstate. Because we conclude appellant was lawfully detained in the patrol car, we find the preceding pat-down for officer safety was lawful.
Appellant next challenges the scope of the pat-down. Specifically, appellant maintains it was unreasonable for Trooper Porcella to conclude the package in appellant's pant leg could have been a weapon.
The Ohio Supreme Court case of Evans, supra, is particularly instructive. In Evans, two East Cleveland Police Officers conducted a pat-down search of the defendant's person when they observed defendant matched the description of a suspected drug trafficker. While conducting the search, Officer Travano felt a large bulk in the defendant's left front pocket. The Officer placed his hand in the defendant's pocket and removed a large wad of money on top of which was a small packet of crack cocaine.
In finding the trial court did not err in denying the defendant's motion to suppress, the Ohio Supreme Court held as follows:
 Under Terry and its progeny, the police may search only for weapons when conducting a pat-down of the suspect. "A search for weapons in the absence of probable cause to arrest, however, must, like any other search, be strictly circumscribed by the exigencies which justify its initiation. * * * Thus it must be limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby * * *." Terry, 392 U.S. at 25-6, 88 S.Ct. at 1882, 20 L.Ed. at 908. * * *
 Evans, supra, at 414 (Emphasis added).
The court went on to explain:
 * * * it is important first to emphasize that Terry does not require that the officer be absolutely convinced that the object he feels is a weapon before grounds exist to remove the object. * * * When an officer removes an object that is not a weapon, the proper question to ask is whether that officer reasonably believed, due to the object's "size or density" that it could be a weapon.
 Id. at 415 (Emphasis added).
The Officer in Evans testified he wasn't sure whether the bulk he felt was a knife because he'd "seen knives come in all shapes and sizes." The Court ruled the officer acted within the scope of Terry in reaching into defendant's pocket to retrieve the object because it was reasonable for him to believe the object could have been a weapon. Consequently, it found the trial court was correct in refusing to suppress the cocaine.
In the matter sub judice, Trooper Porcella testified on cross examination the bulge in appellant's pant leg could have been a weapon:
 A. I got down to his left pant leg and felt a large bulge in the pant leg. I pulled up the pant leg and out dropped the bag of suspected marijuana.
 Q. Okay. When you found that large bulge, what did you believe that large bulge to be?
 A. I thought it could be anything, could be a weapon or contraband, not sure.
 Q. I think we are getting someplace here. So basically this has to do with the fact that you were going to make them get in your car to drive them to a safe place; and it wasn't just for the weapons, it was also for contraband, yo were expressly looking for that; is that correct?
A. Right, anything illegal.
 Q. Okay. So when you got down to the — was it sweat pants or something?
A. Yes, he had sweat pants on.
 Q. You got down there and felt the baggie. It didn't fell like a weapon but it could have been contraband, is that correct?
 A. It was a hard packed object. I didn't know what it was. I wanted to check. I wanted to make sure it wasn't a weapon.
(Emphasis added).
Applying Evans, we find it was reasonable for Trooper Porcella to conclude the "hard packed object" could have been a weapon. Accordingly, we find the seizure of the marijuana was lawful.
Appellant's sole assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Reader, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
---------------------------
---------------------------
 --------------------------- JUDGES