OPINION
{¶ 1} Defendant-appellant, Steven G. Anglin, appeals the decision of the Clermont County Municipal Court denying his motion to suppress evidence.
 {¶ 2} Appellant was a passenger in a vehicle that was stopped by Miami Township Officer Larry Willis on January 12, 2002, because the officer suspected the driver was driving under the influence. The driver was arrested and placed in the police car.
 {¶ 3} Officer Willis testified at the suppression hearing that after he arrested the driver, appellant admitted to drinking. And he failed sobriety tests the officer administered. Officer Willis asked appellant if there was anyone appellant could call to pick him up because the vehicle would be towed. Appellant asked the officer if he could ride with him to the police station.
 {¶ 4} Officer Willis told appellant that departmental policy required that he be patted down for weapons before appellant was permitted in the police car. Officer Willis asked appellant if he had anything that would "stick him" or any weapons. The officer testified that appellant gave the officer a lock-blade knife he was carrying.
 {¶ 5} Officer Willis testified that he had already noticed an obvious bulge in appellant's right pants pocket. After appellant produced the knife, the officer patted down appellant. The officer testified that, *** "when someone produces a weapon I still need to check for further."
 {¶ 6} The officer testified that he ran his hand over the bulge of the right pocket and felt a plastic baggie and a hard metal instrument. Officer Willis indicated that he believed the bulge to be a pipe because of the baggie, but that it could also have been a weapon. Officer Willis reached into the right pocket and retrieved a bag of marijuana and a pipe.
 {¶ 7} Appellant moved to suppress the evidence seized, but the motion was denied. Appellant pled no contest and was found guilty. Appellant appeals, raising the lone assignment of error that the trial court erred in denying his motion to suppress evidence.
 {¶ 8} In reviewing a trial court's decision on a motion to suppress, an appellate court must accept the trial court's factual findings if they are supported by competent, credible evidence. State v.Anderson (1995), 100 Ohio App.3d 688, 691. However, an appellate court independently determines without deference to the trial court whether the court applied the appropriate legal standard to the facts. Id.
 {¶ 9} Appellant argues that he was improperly detained by Officer Willis because the officer had no reasonable, articulable suspicion that appellant was involved in criminal activity. Appellant testified that the officer directed him to the police vehicle when the officer said the stopped vehicle was going to be towed. Appellant said that Officer Willis never told him that he was free to walk home. Further, appellant argues that should the court find the encounter consensual, the officer's search exceeded the scope of appellant's consent to search for weapons.
 {¶ 10} We are not persuaded by either of appellant's arguments. Evidence was presented as follows: Appellant was the lone passenger in a vehicle that had been lawfully stopped. After the arrest of the driver, appellant would not be permitted to drive the vehicle because he had been drinking. The officer asked appellant if he knew of anyone to contact to pick him up. Appellant originally stated that he might call his sister, but changed his mind. Appellant then asked the officer if he could ride with him to the station. Therefore, we find that appellant was not unlawfully detained by police beyond the initial lawful traffic stop.
 {¶ 11} Further, we find that Officer Willis did not exceed the scope of his pat down search of appellant for weapons. A brief pat-down search for weapons is permitted of an individual who is to be placed in a police vehicle for a lawful reason. See State v. Evans, 67 Ohio St.3d 405, paragraph one of syllabus, 1993-Ohio-186; State v. Barrow (June 7, 1999), Stark App. No. 1998CA00299; Village of Pemberville v. Hale (1998),125 Ohio App.3d 629, 632.
 {¶ 12} Officer Willis testified that he noticed a bulge in appellant's pocket. See Pennsylvania v. Mims (1977), 434 U.S. 106, 112,98 S.Ct. 330. The officer said that he felt a metal object in appellant's pants pocket, which could have been a pipe or a weapon, and pulled the contents out of the pocket. See Evans at 415 (officer need not be absolutely convinced that the object he feels is a weapon before grounds exist to remove it, but a hunch or inarticulable suspicion will not provide a sufficient basis to uphold a further intrusion).
 {¶ 13} Appellant testified that he told the officer that he had a lock-blade knife in his front pant pocket and a metal multi-purpose tool[1] in the other pocket. Appellant said that the officer reached in and retrieved the metal objects, along with the pipe and marijuana.
 {¶ 14} We find that competent, credible evidence supports the trial court's findings. The trial court noted that it found Officer Willis' testimony more credible. The testimony of Officer Willis supports the trial court's conclusion that the contraband was discovered during a pat-down search for weapons. The officer did not exceed the scope of the weapons search. Therefore, the trial court did not err in finding the search proper and in denying appellant's motion to suppress evidence. Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.
[1] 1. Appellant described the tool as a type of "Leatherman" with multiple tools and knives in one folded unit.