OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the decision of the Clermont County Court of Common Pleas granting the motion to suppress of defendant-appellee, Sheila Fleak. We reverse the common pleas court's decision.
 {¶ 2} At approximately 11:00 p.m. on May 25, 2002, Officer Robinson of the Goshen Township Police Department pulled over a van that was travelling on State Route 132 in Clermont County without its rear license plate illuminated. The driver of the van was Nancy Baker. Appellee was Baker's sole passenger.
 {¶ 3} Upon investigation, Officer Robinson discovered that Baker's driving privileges had been suspended. Officer Robinson soon learned that appellee had also had her driving privileges suspended. Since neither Baker nor appellee could legally drive, Officer Robinson had the van towed.
 {¶ 4} It soon became apparent to Officer Robinson that appellee had been drinking. Instead of having appellee walk the mile along State Route 132 to her home, Officer Robinson decided that he would transport her. Officer Robinson was also going to take Baker home after issuing her a citation.
 {¶ 5} Before allowing appellee into his cruiser, Officer Robinson asked appellee "if she had anything on her." Specifically, Officer Robinson asked her "if she had any weapons, drugs, or contraband." Appellee subsequently emptied her pockets and handed Officer Robinson the following three items: (1) a baggie containing a small amount of marijuana; (2) rolling papers; and (3) a baggie containing a small amount of cocaine.
 {¶ 6} Once in Officer Robinson's cruiser, appellee gave a written statement indicating that she had been in possession of marijuana and cocaine. Officer Robinson subsequently drove appellee a quarter-mile to her boyfriend's house, as she requested.
 {¶ 7} In February 2003, appellee was indicted for one count of cocaine possession in violation of R.C. 2925.11(A). Appellee soon filed a motion to suppress the marijuana, cocaine, and rolling papers, as well as her statement. The common pleas court held a hearing on the motion in April 2003. Officer Robinson was the only witness to testify. In a June 2003 entry, the court granted appellee's motion to suppress the physical evidence and the statement. Relying on the case of State v. Isbele (2001),144 Ohio App.3d 780, the court found that absent reasonable suspicion appellee was armed and dangerous, or that appellee had engaged in criminal activity, Officer Robinson could not detain appellee. In so finding, the court stated the following: "While Officer Robinson's desire not to permit the Defendant to walk from the scene because of the potential danger to herself after he smelled an odor of alcohol is commendable, it cannot justify a search which is otherwise unreasonable under the Fourth Amendment."
 {¶ 8} The state now appeals, assigning one error as follows:
 {¶ 9} "The Trial Court erred in granting the defendant's motion to suppress."
 {¶ 10} In this assignment of error, the state argues that the common pleas court should not have suppressed the cocaine or the incriminating statement made by appellee in Officer Robinson's cruiser. The state argues that Officer Robinson's conduct was proper and did not violate appellee's constitutional right to be free from unreasonable searches and seizures.
 {¶ 11} When reviewing a trial court's decision on a motion to suppress, the appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Bell, Preble App. No. CA2001-06-009, 2002-Ohio-561, citing State v. Retherford (1994),93 Ohio App.3d 586, 593. Accepting such facts as true, the appellate court must then independently determine, as a matter of law, and without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard. State v. Anderson
(1995), 100 Ohio App.3d 688, 691.
 {¶ 12} The Ohio Supreme Court has held that when an officer has a legitimate and lawful reason for detaining a pulled-over driver in the officer's police cruiser, the officer may conduct a "pat-down" weapons search. State v. Evans, 67 Ohio St.3d 405,410, 1993-Ohio-186. Such a search is permissible for the officer's safety, allowing the officer to guard against "an ambush from the rear." Id. In a subsequent case, the court stated that a lawful reason exists when the detention "prevents the officer or the driver from being subjected to a dangerous condition and placing the driver in the patrol car is the least intrusive means to avoid the dangerous condition." State v.Lozada, 92 Ohio St.3d 74, 79, 2001-Ohio-149. In those circumstances, prior to allowing the driver to enter the cruiser, the officer can lawfully perform a "pat-down" weapons search, even in the absence of reasonable suspicion of criminal activity. Id.
 {¶ 13} We find that the rationale in Evans and Lozada is equally applicable to a passenger who is detained in a police cruiser for a legitimate and lawful reason. See State v. Barrow
(June 7, 1999), Stark App. No. 1998CA00299 (extending Evans to passengers and finding that officer acted properly in placing passenger in cruiser when it would have been illegal for passenger to walk along interstate); State v. Richardson (Dec. 7, 1999), Franklin App. No. 98AP-1500, Bryant, J., concurring (stating that Evans should not be limited solely to drivers).
 {¶ 14} Further, we find that Officer Robinson had a legitimate and lawful reason to place appellee in his cruiser and take her home, that reason being to protect appellee from a potentially dangerous situation. See Lozada,92 Ohio St.3d at 79. Instead of leaving appellee to walk a mile along a county road to her home, after dark and after having consumed alcohol, Officer Robinson decided to place appellee in his cruiser and take her home. We find that decision to have been proper under the circumstances. As the court stated in Evans, "[t]he state's obligation not to violate the individual's Fourth Amendment rights does not command that the police officer forsake reasonable precautionary measures during the performance of his duties." Evans, 67 Ohio St.3d at 410. But, see, Village ofPemberville v. Hale (1998), 125 Ohio App.3d 629 (finding in analogous situation that officer should have given defendant-passenger the option of accepting or declining ride and subsequent pat-down).[1]
 {¶ 15} We find this case to be distinguishable from State v.Isbele, 144 Ohio App.3d 780. In Isbele, the officer had no legitimate reason for detaining the defendant, a passenger in a pulled-over vehicle. The officer had no reasonable suspicion that the defendant had engaged in criminal activity, and did not need to detain the defendant for the safety of himself or the defendant. In this case, Officer Robinson had a legitimate and lawful reason to place appellee in his cruiser, that reason being appellee's safety. Therefore, a narrow exception to our holding in Isbele applies where an officer has a legitimate and lawful reason to place the passenger in the officer's cruiser, such as the passenger's safety.
 {¶ 16} Accordingly, because Officer Robinson had a legitimate, lawful reason to place appellee in his cruiser, he could conduct a brief "pat-down" weapons search as described inTerry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868. Given that he could lawfully perform a pat-down weapons search, Officer Robinson's question to appellee as to whether she had any weapons clearly did not violate appellee's Fourth Amendment rights. Such a question is less intrusive than a pat-down search.
 {¶ 17} We also find that Officer Robinson's question regarding drugs and contraband did not violate appellee's Fourth Amendment rights. In so finding, we note that Officer Robinson did not search appellee, but asked her a question regarding drugs and contraband on her person. Such a minimally intrusive question has been held proper in other contexts, even in the absence of reasonable suspicion, such as when the question briefly prolongs a lawful traffic stop. See State v. Robinette,80 Ohio St.3d 234, 241, 1997-Ohio-343. We find that Officer Robinson's question to appellee prior to placing her in his cruiser for a lawful and legitimate reason did not amount to a violation of appellee's Fourth Amendment rights.
 {¶ 18} Accordingly, we reverse the decision of the common pleas court suppressing the physical evidence and the subsequent statement by appellee. The state's sole assignment of error is sustained.
 {¶ 19} Judgment reversed and cause remanded to the trial court for further proceedings according to law and consistent with this opinion.
Valen, P.J., and Walsh, J., concur.
[1] In Hale, there is no discussion by the court as to whether leaving the passenger at the location of the stop would have subjected the passenger to a dangerous situation.