THE STATE OF OHIO, APPELLANT, *v.* KESSLER, APPELLEE.

[Cite as State v. Kessler (1978), 53 Ohio St. 2d 204.]

(No. 77-183—Decided March 22, 1978.)

206

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Paul A. Hrisko,* for appellant.

*Messrs. White, Milano, Jurek & Miller* and *Mr. Fred Jurek,* for appellee.

Paul W. Brown, J. The Court of Appeals held that the search of defendant's automobile by Cleveland Police Officer Thomas Schraf and the seizure of articles admitted in evidence during his trial for aggravated burglary were

unreasonable and in violation of defendant's right to be secure against unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and the provisions of Section 14, Article I of the Constitution of Ohio.*

The instant cause involves the warrantless search of defendant's automobile subsequent to his being stopped on the highway by police officers and arrested for a minor traffic violation (running a red stop light).

It is well-settled that warrantless searches are *"per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Coolidge* v. *New Hampshire* (1971), 403 U. S. 443, 454-455; *Katz* v. *United States* (1967), 389 U. S. 347, 357. The state has the burden of establishing the application of one of the exceptions to this rule designating warrantless searches as "per se unreasonable." *State* v. *Call* (1965), 8 Ohio App. 2d 277; *State* v. *Person* (1973), 34 Ohio Misc. 97; *United States* v. *Jeffers* (1951), 342 U. S. 48, 51.

The state argues, and we agree, that the search of defendant's automobile was reasonable under the "automobile exception" enunciated by the United States Supreme Court in *Carroll* v. *United States* (1925), 267 U. S. 132. *"Carroll, supra,* holds a search warrant unnecessary where there is probable cause to search an automobile stopped on the highway; the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained." *Chambers* v. *Maroney* (1970), 399 U. S. 42, 51; *Coolidge* v. *New Hampshire, supra,* at page 460; *Dyke* v. *Taylor Implement Mfg. Co.* (1968), 391 U. S. 216.

---

*The Fourth Amendment to the United States Constitution reads:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The provisions of Section 14, Article I of the Ohio Constitution are essentially the same.

In the instant cause, the exigent circumstances necessary to bring the search of defendant's automobile within the ambit of *Carroll* are present. The car was stopped on the public highway. Kessler's passenger, Robin Rightson, was alerted to the intentions of the police, was not placed under full police custody, and could have readily moved the automobile, thus, "remov[ing] evidence from official grasp." *Cardwell* v. *Lewis* (1974), 417 U. S. 583, 590. However, the issue remains whether Police Officer Schraf had probable cause to search the defendant's automobile.

The requisite probable cause is defined in *Carroll, supra,* at page 149, as follows:

"* * * a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction."

Violation of a traffic ordinance does not, in itself, justify a search of the offender's automobile. *State* v. *Woodford* (1971), 26 Ohio Misc. 51, 55. The police must have " 'probable cause' to believe that they will find the instrumentality of a crime or evidence pertaining to a crime before they begin their warrantless search." *Dyke* v. *Taylor Implement Mfg. Co., supra,* at page 221.

The facts which the state contends constitute probable cause to search defendant's car include: the furtive movement of the passenger ducking down out of sight after spotting the police vehicle; the car fit the description given the officers of a vehicle involved in recent burglaries in the area; the officers had observed the car in the same area several days before; the auto ran a red light when the police vehicle began to follow; and Officer Schraf recognized the defendant as one who had been previously arrested for burglaries in the area. In addition, there is the failure of Kessler to produce a driver's license or show proof of ownership of the automobile.

Furtive movements alone are not sufficient to justify the search of an automobile without a warrant. *People* v.

*Superior Court of Yolo County* (1970), 91 Cal. Rptr. 729,
478 P. 2d 449. However, where a furtive movement has
been made by occupants of a vehicle in response to the
approach of police officers, the addition of other factors
may give rise to a finding of probable cause to search the
vehicle. Such other factors have included: police know-
ledge of recent burglaries in the area, *People* v. *Martinez*
(1970), 6 Cal. App. 3d 373, 86 Cal. Rptr. 49; police know-
ledge of prior criminal involvement by the driver
of the automobile, *Trusley* v. *State* (Tex. Crim. App.
1974), 505 S. W. 2d 861; *In re K.* (1970), 14 Cal. App. 3d 94,
92 Cal. Rptr. 39; and the failure of the driver to pro-
duce a driver's license or identification, *People* v. *Good-
rick* (1970), 11 Cal. App. 3d 216, 89 Cal. Rptr. 866; *Peo-
ple* v. *Watkins* (1974), 23 Ill. App. 3d 1054, 320 N. E. 2d
59.

Furtive or suspicious gestures were also considered in
the determination of probable cause in the Ohio cases of
*State* v. *Martinez* (1973), 36 Ohio Misc. 29; and *State* v.
*Gaines* (1974), 40 Ohio App. 2d 224.

Although the above cases are not determinative of the
issue herein, all the enumerated factors are present in the
instant cause. Therefore, we hold that, under the facts
herein, Officer Schraf had reasonable cause to believe that
the automobile driven by defendant contained contraband
subject to seizure or concealed the instrumentality or evi-
dence of a crime before he made the warrantless search
of that automobile. The officer had "more than a mere
suspicion and under the circumstances the officer's actions
were nothing more than good diligent police work at the
proper time." *State* v. *Gravin* (1974), 44 Ohio App. 2d
303, 309.

In view of the exigent circumstances and presence of
sufficient probable cause, the limited search of the front-
passenger section of defendant's automobile by Officer
Schraf was reasonable in its scope and intensity, and con-
stitutionally permissible. The trial court did not err in ad-
mitting in evidence those articles seized in the aforemen-

tioned search of defendant's automobile. Appellant's first proposition of law is well taken.

The Court of Appeals also held that the butter knife and the piece of manila paper listing homes in the Kamm's Corner area of Cleveland were irrelevant and should not have been admitted in evidence.

Although the manila paper did not list the Mueller home, it did contain many of the addresses in the immediate area of the burglary in question. As such, it is directly linked to, and holds as much probative value as, the cross-reference directory which was held to be relevant by both the trial court and Court of Appeals. The manila piece of paper was properly admitted in evidence.

We agree that the butter knife was irrelevant and should not have been admitted. However, such error by the trial court was harmless beyond a reasonable doubt. See *State* v. *Dickerson* (1907), 77 Ohio St. 34; *Chapman* v. *California* (1967), 386 U. S. 18.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

HERBERT, SWEENEY and LOCHER, JJ., concur.
CELEBREZZE, J., concurs in the judgment.
O'NEILL, C. J., and W. BROWN, J., dissent.