The STATE of Ohio, Appellee,

v.

RICHARDS, Appellant.

[Cite as *State v. Richards* (1991), 75 Ohio App.3d 652.]

Court of Appeals of Ohio,
Shelby County.

No. 17–90–20.

Decided Aug. 20, 1991.

*James Stevenson,* Assistant Prosecuting Attorney, for appellee.
*William Zimmerman,* County Public Defender, for appellant.

THOMAS F. BRYANT, Presiding Judge.

This is an appeal from a judgment of the Common Pleas Court of Shelby County overruling the motion of defendant-appellant, Walter Richards, Jr. to suppress evidence.

On February 10, 1990, at approximately 10:30 p.m., the Sidney Police Department responded to a call reporting a suspicious vehicle and the possible breaking and entering of a building in Brown Park, Sidney, Ohio. Responding to the call, Officer Dean Kimpel, upon arrival at the park, observed a motor vehicle partially concealed behind the park's storage building. When Officer Kimpel approached the vehicle, he observed the driver bend over and appear to place something under the front seat of the vehicle. Officer Kimpel ordered the driver and passengers to get out of the vehicle. While the occupants were doing so, Officer Kimpel shined his flashlight into the vehicle and saw what he believed to be a crack pipe on the vehicle's floorboard. As Officer Kimpel reached inside to secure the crack pipe he observed lying on the floor under the front seat a tray containing a razor blade and a substance that looked like cocaine. Appellant was arrested and charged with drug abuse, a violation of R.C. 2925.11.

On February 26, 1990 the Shelby County Grand Jury issued an indictment of appellant to which he pled not guilty. Appellant thereafter filed a motion to suppress the evidence seized at the time of his arrest.

After hearing, by entry of June 11, 1990, the trial court overruled appellant's motion to suppress.

On August 6, 1990, appellant entered a plea of no contest. A judgment of conviction and sentence was filed September 14, 1990, from which appellant now appeals, asserting the following error:

"I. The trial court erred, to the substantial prejudice of the defendant-appellant, in overruling his motion to suppress, thus violating his rights under the United States and Ohio Constitutions."

In support of his assignment of error, appellant relies on a statement in the Supreme Court's opinion in *State v. Bobo* (1988), 37 Ohio St.3d 177, 179, 524 N.E.2d 489, 491–492, citing *State v. Kessler* (1978), 53 Ohio St.2d 204, 208, 7 O.O.3d 375, 377, 373 N.E.2d 1252, 1256, as authority for the proposition that "[a] mere furtive gesture, standing alone, does not create probable cause to stop and search a vehicle without a warrant." We believe that appellant's reliance on *Bobo* and *Kessler* is misplaced and, hence, without such authority, his argument and thus his assignment of error are without merit, for also articulated in *Bobo*, 37 Ohio St.3d at 179, 524 N.E.2d at 491–492, is the acknowledgment that given appropriate additional factors provoking suspicion that a crime is being or has been committed at the time, "such a movement may indicate an attempt to conceal a gun or drugs."

Here, it was not merely appellant's furtive movement which aroused Officer Kimpel's suspicion. The officer was responding in investigation of a reported possible breaking and entering in progress at the isolated city park building beside which appellant's automobile was parked and partly hidden. While approaching appellant's automobile to investigate the circumstances of its presence, as in *Bobo*, the officer saw appellant "bend down as if to place something underneath the front seat of the car. This movement and the other factors discussed above, which justified the investigative stop of [appellant], also warranted a belief that [appellant] might have immediate access to weapons. Therefore, the officers' need to provide for their own safety in itself justified a search of the vehicle for weapons," *Bobo* at 180, 524 N.E.2d at 492, and to remove appellant and his companions from their seating area in the automobile to do so.

In *State v. Brancheau* (Mar. 22, 1991), Allen App. No. 1–89–91, unreported, 1991 WL 44181, this court considered the concept of probable cause in several of its aspects and noted:

" '[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules' *Illinois v. Gates* (1983), 462 U.S. 213, 232, 103 S.Ct.

2317, 2329 [76 L.Ed.2d 527, 544]. ' "[T]he term 'probable cause,' according to its usual acceptation, means less than evidence which would justify condemnation.   * * *  It imports a seizure made under circumstances which warrant suspicion." '  *Id.* at 235, 103 S.Ct. at 2330 [76 L.Ed.2d at 546] (citations omitted.)  'Probable cause to arrest depends "upon whether, at the moment the arrest was made * * * the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964).'  *Adams v. Williams* (1972), 407 U.S. 143, 148, 92 S.Ct. 1921, 1924 [32 L.Ed.2d 612, 618]."

▇ In the circumstances disclosed by the testimony in the record of this case taken upon motion to suppress, we believe the evidence presented to the trial court was substantial and credible, justifying determination of the existence of probable cause for the officer to approach appellant's automobile, to search it and especially to arrest appellant, in view of the trial court's further determination from that testimony that the evidence in question was discovered and then seized within the meaning of the plain view doctrine defined in *Texas v. Brown* (1983), 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502. As stated by the trial court, that doctrine requires the following:

"1.   The Police Officer must properly be in a position to view a particular area;

"2.   The Officer must discover the incriminating evidence 'inadvertently';

"3.   It must be immediately apparent that the items observed may be evidence of a crime, contraband or otherwise subject to seizure."

Applying this doctrine to the evidence in the case at bar, the trial court came to the following conclusions:

"The Court finds that the Officers [*sic*] had a right to be where they were [*sic*], since they were responding to a potential breaking and entering at the building.   Secondly, the Officer, under these circumstances, had a right to approach the vehicle and ask the individuals to step out of the car.   In doing so, the Officer observed the alleged illegal substance in plain view on the floor of the automobile.   Because of the Officer's experience, it was immediately apparent to him that such evidence was evidence of a crime, contraband or otherwise subject to being seized."

The totality of uncontroverted circumstances disclosed by the record supports the trial court's finding that the contraband appellant seeks to suppress was discovered inadvertently by an officer lawfully in position to view the area in which it was discovered.

**656**

Therefore, appellant's sole assignment of error is overruled and the judgment of the Common Pleas Court of Shelby County is affirmed.

*Judgment affirmed.*

HADLEY and EVANS, JJ., concur.