[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a no contest plea, found appellant Edward J. Bunch guilty of one count of possession of marijuana in violation of R.C.2925.11(A) and (C)(3)(c), a felony of the fifth degree. For the reasons discussed below, this court affirms the judgment of the trial court.
Appellant sets forth the following sole assignment of error:
 "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE FROM A WARRANT-LESS SEARCH AND SEIZURE WHEN THE EVIDENCE INDICATED THAT NO EXCEPTION TO THE WARRANT CLAUSE APPLIED."
The facts which are relevant to the issues raised on appeal are as follows. On March 19, 1997, appellant was charged with possession of marijuana, in violation of R.C. 2925.11(A) and (C)(3)(c). On April 29, 1997, appellant filed a motion to suppress evidence obtained in the warrantless search of a cooler on his back porch and the contents thereof. A hearing on appellant's motion to suppress was held on May 7, 1997.
At the hearing Detective Shelli Kilburn of the Toledo Police Department, narcotics unit, testified that on February 18, 1997, she encountered appellant during the execution of a search warrant at 719 Western Avenue. She testified that the police were executing a warrant on the lower level of that address through the front door. She was securing the back of the residence to make sure nobody exited the residence when the police entered. Kilburn testified that, after the police hit the door of the lower unit, appellant "came out of his upper apartment onto his back balcony carrying two large bags of marijuana." Kilburn was on the ground below the balcony, approximately ten feet from appellant. Kilburn testified that appellant, while in his underwear, ran to a cooler, threw the evidence into the cooler, and went back into his apartment. Kilburn then testified that she "crawled up under the balcony to retrieve the baggies of marijuana." At that time, appellant came out of his residence with his dog. Kilburn ordered appellant to get back into his apartment and get dressed. She turned the evidence over to Detective Seymour who was in charge of the scene.
On cross-examination, Kilburn testified that she shined her flashlight on appellant when he came out of the residence with the two baggies. Although Kilburn conceded the contents of the clear baggies could have been something else, she testified that based on her observation, she believed the bags were filled with marijuana.
Kilburn further testified that there were no stairs leading up to the balcony. She testified that because it was necessary to climb up, she would not have been able to climb down with the cooler.
Appellant argued that Kilburn should have lawfully impounded the cooler and sought a valid search warrant before opening the cooler. The state, however, argued that there were exigent circumstances which warranted the seizure of the cooler and the marijuana. Specifically, there was no way to secure the cooler since there were no stairs leading up to the balcony and because of appellant's size.
In its May 12, 1997 judgment entry, the trial court denied appellant's motion, holding that Kilburn had probable cause to believe that contraband was contained in the closed container and that exigent circumstances, i.e., the urgent need to prevent the contraband from being destroyed, existed. The trial court found that exigent circumstances existed:
 "As to the necessity that the State establish that the seizure is valid based upon the urgent need to prevent the contraband from being destroyed, the evidence is unrefuted that the defendant appeared to be concealing the contraband as the officers were entering the lower duplex to execute a search warrant. Further, no direct access from the [backyard] existed to the outside porch existed [sic]. One could logically infer that the actions of the defendant revealed that he was attempting to secrete the suspected drugs from seizure. Further the contraband was readily accessible to the defendant and subject to destruction before the officers could seize the cooler pursuant to a search warrant and open it. * * *"
The trial court also found that the contraband was in "plain view" and subject to seizure.
Thereafter, on May 15, 1997, appellant withdrew his plea of not guilty and entered a plea of no contest. Appellant was sentenced on June 19, 1997 to three years community control with the following conditions: (1) electronic monitoring for four months; (2) random urinalysis; (3) no drug activity in residence; and (4) abstain from illicit drugs or alcohol. Appellant's driver's license was also suspended for one year. Appellant filed a timely notice of appeal.
Appellant asserts in his assignment of error that the trial court erred by denying his motion to suppress. Specifically, appellant argues that the trial court ignored facts and misapplied the law when it found that there were exigent circumstances which entitled Officer Kilburn to execute the warrantless search.
Generally, in reviewing a trial court's ruling on a motion to suppress, a reviewing court must keep in mind that weighing the evidence and determining the credibility of witnesses are functions of the trier of fact. State v. DePew (1988),38 Ohio St.3d 275, 277, citing State v. Fanning (1982), 1 Ohio St.3d 19. Where there is substantial evidence to support the factual findings of the trial court, its ruling will not be disturbed on appeal absent an error of law. DePew, supra.
It is well-settled "that warrantless searches are `perse' unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions."State v. Kessler (1978), 53 Ohio St.2d 204, 207. In State v.Akron Airport Post No. 8975 (1985), 19 Ohio St.3d 49, 51, the Ohio Supreme Court identified those exceptions: (1) search incident to arrest; (2) consent; (3) stop-and-frisk; (4) hot pursuit; (5) probable cause coupled with exigent circumstances; and (6) plain view.
In certain circumstances, police may seize evidence found in plain view despite the failure to obtain a warrant for that seizure. Coolidge v. New Hampshire (1971), 403 U.S. 443,465-466. For the seizure to be valid, however, the initial intrusion which permitted police to come into a position to view the object in question must be justified by a warrant or recognized exception. Horton v. California (1990), 496 U.S. 128,136. The court went on to state that there were two additional conditions that must also be satisfied to justify the warrantless seizure: (1) "not only must the item be in plain view, its incriminating character must also be `immediately apparent;'" and (2) "not only must the officer be lawfully located in a place from which the object can be plainly seen, but he or she must also have a lawful right of access to the object itself." Horton at 136-137. See, also, Texas v. Brown (1983), 460 U.S. 730, 737
(the question of whether property in plain view of the police may be seized turns on the legality of the intrusion that enables them to perceive and physically seize the property in question).
It is important to note that the mere observation of an object in plain view involves no Fourth Amendment question. It is only the seizure of the object that implicates constitutional rights. Texas v. Brown (1983), 460 U.S. 730, 738. "`[P]lain view' provides grounds for seizure of an item when an officer's access to an object has some prior justification under the Fourth Amendment." Id. at 738.
The Ohio Supreme Court has also applied the plain view doctrine as an exception to the warrant requirement:
 "Under [the plain view] doctrine, an officer may seize an item without a warrant if the initial intrusion leading to the item's discovery was lawful and it was `immediately apparent' that the item was incriminating."
State v. Waddy (1992), 63 Ohio St.3d 424, 442. See, also, Statev. Kinley (1995), 72 Ohio St.3d 491.
In this case, Kilburn was lawfully standing in appellant's backyard during the execution of a search warrant on the lower level of the duplex. According to Kilburn's testimony, the trial court could properly conclude that it was immediately apparent that the clear plastic bags contained marijuana. Under the plain view doctrine, Kilburn lawfully seized the marijuana from appellant's balcony.
Appellant argues that Kilburn should have seized the cooler in which the marijuana was placed pending the acquisition of a search warrant. We find, however, that Kilburn did not open the cooler to search for possible illegal contraband; rather, she opened the cooler to retrieve the marijuana which had been in plain view.
Accordingly, we find appellant's sole assignment of error not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ______________________________ George M. Glasser, J.
JUDGE
 ____________________________ James R. Sherck, J.
JUDGE
 ________________________________ Richard W. Knepper, J.
JUDGE
CONCUR.