Because I believe the search implicated the Fourth Amendment, I respectfully dissent.
In a suppression hearing, the evaluation of the evidence and the credibility of witnesses are issues for the trier of fact. State v.Mills (1992), 62 Ohio St.3d 357, 366. The trial court assumes the role of trier of fact in a suppression hearing and is therefore in the best position to resolve questions of fact and evaluate credibility of witnesses. State v. Klein (1991), 73 Ohio App.3d 486, 488. Appellate courts should give great deference to the judgment of the trier of fact.State v. George (1989), 45 Ohio St.3d 325, 330. Accordingly, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Klein,73 Ohio App.3d at 488.
As the trial court found, the facts surrounding this search do not support a finding that Mrs. Kraus conducted a private search for private purposes. See Burdeau v. McDowell (1921), 256 U.S. 465, 65 L.Ed. 1048;State v. Morris (1975), 42 Ohio St.2d 307, 316. "For the Fourth Amendment to proscribe a search or seizure conducted by a private citizen, the defendant must show that `the police * * * instigated, encouraged or participated in the search' and that the private `individual * * * engaged in the search with the intent of assisting the police in their investigative efforts.'" United States v. Caldwell, No. 99-5088, 2000 U.S. App. LEXIS 14513, (6th Cir. June 19, 2000), at *7, quoting UnitedStates v. Lambert (6th Cir. 1985), 771 F.2d 83, 89.
It is undisputed that Agent DeFelice initiated contact with Mrs. Kraus. The trial court found that three months after receiving an anonymous tip regarding a possible marijuana growing operation, Agent DeFelice initiated contact with the owner of the building, Mrs. Kraus. Agent DeFelice inquired about the person leasing her property and informed Mrs. Kraus that he had received information that there was possibly a marijuana growing operation there.
The trial court obviously felt Agent DeFelice enticed Mrs. Kraus with the information regarding the possible illegal activity occurring on the property. Mrs. Kraus asked Agent DeFelice to accompany her because he told her that without her request he could not otherwise be present for the search. Agent DeFelice's actions were directly related to Mrs. Kraus's decision to enter the premises.
Furthermore, Mrs. Kraus's actions upon arriving at the property demonstrate that she engaged in the search with the intent of assisting the police with the investigation. Agent DeFelice testified that Mrs. Kraus requested his assistance because she was concerned for her safety. After arriving at the property, Agent DeFelice advised Mrs. Kraus that Sergeant Hunter[2] was in route. Refusing to wait for assistance, Mrs. Kraus directly approached the bay, unlocked the door and opened it. Agent DeFelice then convinced her to remain outside until Sergeant Hunter arrived. Mrs. Kraus's lack of hesitation or caution in approaching the property demonstrates she was not in fear of her safety requiring the assistance of an officer. Moreover, the fact that she acquiesced to the police request to wait until going inside for another police officer with a drug dog evidences police participation in the search and her intent in assisting the police.
A warrantless search involving the degree of police participation present in this case constitutes a police search. As such, the state had the burden to show that the warrantless search of the property was reasonable. State v. Kessler (1978), 53 Ohio St.2d 204, 207. The state failed to meet this burden. For these reasons I respectfully dissent and would affirm the judgment of the trial court.
[2] Agent DeFelice arranged for Sergeant Hunter, the Shift Commander, to meet him at the property. The record reflects that Sergeant Hunter is the only member of the Wayne County Sheriff's Department who has a K9 unit.