This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Derrick Kruger ("Kruger"), appeals from his conviction in the Summit County Court of Common Pleas. We reverse and remand.
 I.
On June 27, 2001, Quesetta Bell ("Bell") arrived at the Copley police station to report that she had stabbed her boyfriend, Kruger. Officers Garner and Goodwin were sent to the Studio Plus hotel, room 203, to check on Kruger's well being and to obtain a statement regarding the alleged incident. The officers knocked on the door and identified themselves. Kruger opened the door holding a blood soaked towel over his left shoulder. The officers asked to enter the room and Kruger "stepped back and opened the door for [the officers] to enter."
The officers observed several blood soaked towels and linens on the floor on the bathroom and living area. Kruger stated that he had an altercation with his girlfriend in the parking lot, felt a sharp pain in his back and returned to the room. He removed the towel and allowed the officers to examine his injury. The officers suggested that Kruger sit down and rest. While Officer Goodwin remained with Kruger, Officer Garner conducted a search of the kitchen area for a knife, the weapon used in the altercation.
Officer Garner searched the countertops, drawers and cupboards. Officer Garner observed a scale, a bag of white powder, eight individual baggies containing white powder and approximately 200 small baggies containing white powder in the cupboard above the microwave. After this discovery, Officer Goodwin called the police station for instructions. During the telephone conversation, the officers learned that the knife used in the assault was in Bell's car at the police station.
On July, 5, 2001, the Summit County Grand Jury indicted Kruger on trafficking in cocaine, in violation of R.C. 2925.03(A)(2), possession of cocaine, in violation of R.C. 2925.11, and endangering children, in violation of R.C. 2919.22(A). Kruger moved the trial court to suppress evidence recovered during the officers' warrantless search of his residence. After a hearing on the motion, the trial court denied the motion.
Kruger entered a plea of no contest to the trafficking and possession charges, and the trial court dismissed the charge of endangering children. On October 1, 2001, the trial court found Kruger guilty of trafficking in cocaine and possession of cocaine. The trial court sentenced Kruger to concurrent sentences of 14 months for each charge. This appeal followed.
 II. Assignment of Error THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS ILLEGALLY OBTAINED EVIDENCE.
In his sole assignment of error, Kruger challenges the trial court's decision to overruled his motion to suppress evidence.
When the trial court considers a motion to suppress, it makes both factual and legal determinations. When we review a trial court's decision that evidence arising out of a challenged seizure should not be suppressed we apply the law, de novo, to the facts as determined by the trial court. Ornelas v. U.S. (1996), 517 U.S. 690, 699, 134 L.Ed.2d 911,920; State v. Searls (1997), 118 Ohio App.3d 739, 741. We note that, inOrnelas, the United States Supreme Court advised that "a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas,517 U.S. at 699, 134 L.Ed.2d at 920.
Warrantless searches of residences are considered "per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." See Mincey v. Arizona
(1978), 437 U.S. 385, 390, 57 L.Ed.2d 290, 298-299 citing Katz v. UnitedStates (1967), 389 U.S. 347, 357, 19 L.Ed.2d 576, 585. The burden is placed upon the government to demonstrate that the warrantless search falls within one of the exceptions to the warrant requirement. State v.Kessler (1978), 53 Ohio St.2d 204, 207. The four exceptions to the warrant requirement justifying a warrantless search of a home are: (1) an emergency situation, (2) search incident to an arrest, (3) "hot pursuit" and (4) easily destroyed or removed evidence. State v. Cheers (1992),79 Ohio App.3d 322, 325.
In the present case, none of these four exigent circumstances existed to justify a warrantless search of Kruger's room. The officers were not in hot pursuit or searching the room incident to an arrest of Kruger. The record does not reflect that Kruger's injury was a life threatening injury. Furthermore, the officers did not treat Kruger's injury as an emergency. The record reflects that there was conflicting information regarding the type of weapon used in the altercation. Bell had reported that she used a knife, and Kruger believed that she had used a key. However, there was no reason to believe that the knife would be easily destroyed or removed from the room.
Another recognized exception to the warrant requirement is a search conducted pursuant to consent. Schneckloth v. Bustamonte (1973),412 U.S. 218, 219, 36 L.Ed.2d 854, 858. A search based on consent, however, constitutes a waiver of an individual's Fourth Amendment rights and therefore requires more than a mere expression of approval; it must be demonstrated by the totality of all surrounding circumstances that consent to search was freely and voluntarily given. Schneckloth,412 U.S. at 222, 36 L.Ed.2d at 860. The state has the burden of proving by "clear and positive evidence" that appellant voluntarily consented to a warrantless search. U.S. v. Jones (C.A.6 1981), 641 F.2d 425, 429. "Clear and positive evidence" has been held to be equivalent to clear and convincing evidence. State v. Danby (1983), 11 Ohio App.3d 38, 41.
In the present case, Kruger voluntarily allowed the officers to enter the room. However, once inside the room, neither officer asked for consent to search the room. The officers questioned Kruger regarding the stabbing incident. Kruger stated he had an altercation in the parking lot with his girlfriend, felt a sharp pain in his back and returned to the room. The officers observed the wound, and Kruger sat on a chair in the living area. While Officer Goodwin remained with Kruger in the living area, Officer Garner conducted a search of the kitchen. The state failed to present clear and convincing evidence that Kruger voluntarily gave consent to search the room.
The search in this case was neither voluntarily consented to nor due to any exigent circumstances. Accordingly, the warrantless search and seizure was not constitutionally valid. Having found that Kruger was not afforded the protection envisioned by the constitution, we find the trial court erred in overruling Kruger's motion to suppress the evidence seized pursuant to the warrantless search of his room.
Kruger's sole assignment of error is sustained. The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
BATCHELDER, J. CONCURS, SLABY, P.J. CONCURS IN JUDGMENT ONLY