OPINION
{¶ 1} Appellant Jeffrey Ossman appeals the decision of the Court of Common Pleas, Licking County, which overruled his motion to suppress evidence, and subsequently found him guilty of burglary following a no contest plea. The Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 2, 2002, Craig Sturtz observed an individual with a red Ford pickup truck engaged in removing items from Sturtz's home on Palmer Road in Licking County. The truck drove away, but Sturtz made a note of its license number and some visible body damage. Licking County Sheriff's deputies traced the truck's plate to appellant, who resided on Tollgate Road in Pataskala, Ohio. Deputy Boerstler was dispatched to investigate, and decided to proceed directly to appellant's address. At about 1:20 pm, Deputy Boerstler arrived, observing the aforementioned pickup truck parked outside. He felt the hood and noted that it was still warm. The deputy then knocked on both the front and back doors of appellant's residence, and announced his presence several times. He heard movement inside, but nobody answered the door. He decided to call for back-up, and Sergeant Smith and Deputy Barr arrived about twenty minutes later. Smith had received a radio call en route that a knife or weapon might be involved. After Barr secured the back side of appellant's residence, Boerstler and Smith announced their presence several more times, to no avail. At Sergeant Smith's behest, Deputy Boerstler proceeded to enter the residence by pushing up a partially open window and crawling through. Boerstler then let the other two officers inside. No warrant was obtained authorizing entry.
 {¶ 3} After a brief search, the officers found appellant lying on his bed and placed him under arrest. He was read his Miranda rights while being handcuffed inside the bedroom. After being taken outside and placed in a cruiser, appellant was again advised of his Miranda rights. Appellant made no statements at that time. Boerstler then provided appellant with a "consent to search" form, which appellant agreed to sign. After signing the form, appellant heard radio traffic in the cruiser concerning possible items taken during the aforementioned Sturtz burglary. Appellant thereupon told the deputies that "the only thing he took was the tool box." Boerstler testimony, Suppression Transcript at 19. Appellant further volunteered to show the deputies the location, inside his residence, of the toolbox in question. After doing so, appellant was driven to the Sturtz home, where he was identified by the victim.
 {¶ 4} Appellant was thereafter indicted on one count of burglary. On February 26, 2002, appellant filed a motion to suppress the physical evidence obtained and any statements made as a result of the aforesaid search. A suppression hearing was held on March 15, 2002. The trial court took the matter under advisement, and subsequently issued a judgment entry denying the motion to suppress. Appellant thereafter changed his plea to no contest. Appellant was found guilty of burglary, and on June 13, 2002, was sentenced to a two-year term of incarceration.
 {¶ 5} Appellant filed a notice of appeal on June 21, 2002, and herein raises the following sole Assignment of Error:
 {¶ 6} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE MOTION TO SUPPRESS FILED BY THE DEFENDANT."
 I. {¶ 7} In his sole Assignment of Error, appellant cites as error the trial court's decision to overrule his motion to suppress the evidence obtained as a result of the entry into his residence.
 {¶ 8} There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93,641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623,620 N.E.2d 906; Guysiner, supra. In the matter presently before us, we find appellant challenges the trial court's decision concerning the ultimate issue raised in his motion to suppress. Thus, in analyzing his sole Assignment of Error, we must independently determine whether the facts meet the appropriate legal standard.
 {¶ 9} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889; State v. Andrews (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271. In regard to police entry into private homes, the U.S. Supreme Court held inPayton v. New York (1980), 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639, that the Fourth Amendment prohibits police officers from making warrantless and nonconsensual entries into suspects' homes in order to make routine felony arrests. However, ten years later, the U.S. Supreme Court in New York v. Harris (1990), 495 U.S. 14, 110 S.Ct. 1640, held that the exclusionary rule would not prevent the prosecution's use of a statement made by a defendant outside his home, at the police station, despite the statement being made after a warrantless and nonconsensual entry by officers into the defendant's home in violation of Payton v. NewYork, supra.
 {¶ 10} A reading of Harris clearly reveals that the existence of probable cause was undisputed under the facts of that case. In denying the motion to suppress in the case sub judice, the trial court also concluded that probable cause existed for the deputies to effectuate a warrantless arrest of appellant, which appellant herein disputes. Thus, given the trial court's stated reliance on Harris, the issue of probable cause is of paramount importance in properly addressing the present appeal.[1]
As a general rule, warrantless arrest is valid if the arresting officer possessed probable cause to believe that the individual had committed or was committing a crime. See, e.g., Beck v. Ohio (1964), 379 U.S. 89, 91,85 S.Ct. 223, 13 L.Ed.2d 142. The law on probable cause has developed from the United States Supreme Court's holding in Illinois v. Gates
(1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527. In determining whether probable cause to arrest exists, the totality of the facts and circumstances must be "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Id .;see, also, Gerstein v. Pugh (1975), 420 U.S. 103, 111-112, 95 S.Ct. 854,43 L.Ed.2d 54; State v. Tibbetts (2001), 92 Ohio St.3d 146, 153,749 N.E.2d 226. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals and location. Katz, Ohio Arrest, Search and Seizure (1995), 77-81, Section T. 3.05(A), (B) and (C).
 {¶ 11} In the case sub judice, we find the totality of the facts and circumstances at the time the deputies entered the residence would not have supported the conclusion that appellant had committed a burglary offense. Cf. State v. Kulyk, Guernsey App. No. 01CA13, 2002-Ohio-1591. The transcript of the suppression hearing reveals that Deputy Boerstler indeed had in his possession a detailed description of the red pickup truck and its license plate. He was able to trace the vehicle to appellant's address, and discovered upon arrival that the hood was still warm. However, while Boerstler testified that he had a description of the burglary suspect as six feet in height with gray, bushy hair and a moustache, he stated that he "didn't have any idea" whether such a suspect or anyone else was actually in the Tollgate Road residence when he arrived there. Tr. at 27. The victim's missing toolbox was apparently already hidden inside, and the only response the deputies obtained after knocking was the sound of an interior door shutting. Tr. at 29. Furthermore, the victim's positive identification of appellant only came after the warrantless entry and arrest had occurred. Thus, without the officers being able to reasonably verify via sight or sound that appellant or someone matching the description was even inside, probable cause to enter and effect a warrantless arrest cannot be substantiated under the totality of these circumstances. As the U.S. Supreme Court indicated in Payton: "The Fourth Amendment protects the individual's privacy in a variety of settings. In none is the zone of privacy more clearly defined than when bounded by the unambiguous physical dimensions of an individual's home — a zone that finds its roots in clear and specific constitutional terms: `The right of the people to be secure in their . . . houses . . . shall not be violated.' That language unequivocally establishes the proposition that `[a]t the very core [of the Fourth Amendment] stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.'"445 U.S. at 589-590, 100 S.Ct., at 1381-1382, quoting Silverman v.United States (1961), 365 U.S. 505, 511, 81 S.Ct. 679, 683, 5 L.Ed.2d 734. We therefore find that the trial court erred in its reliance on Harris in the absence of probable cause.
 {¶ 12} Appellant also argues, in accordance with the trial court's conclusions, that the doctrines of exigent circumstances and "hot pursuit" would not support the warrantless entry and arrest. In State v.Akron Airport Post 8975 (1985), 19 Ohio St.3d 49, 51, 482 N.E.2d 606, the Ohio Supreme Court recognized these two doctrines as among the judicially recognized exceptions to the search warrant requirement. The burden is upon the state to overcome the presumption that warrantless searches of homes are per se unreasonable by demonstrating that the search fell within one of these well recognized exceptions to the warrant requirement. State v. Kessler (1978), 53 Ohio St.2d 204, 207,373 N.E.2d 1252. Upon review of the record in this matter, as recited herein, we hold that neither doctrine is applicable to the circumstances presented.
 {¶ 13} We therefore hold that any evidence seized during the illegal entry of appellant's residence and subsequent arrest should have been excluded as fruits of the poisonous tree. In regard to the victim's identification of appellant, we note "[i]llegally obtained evidence is properly admitted * * * once it is established that the evidence would have been ultimately or inevitably discovered during the course of a lawful investigation. The prosecution will have the burden to show within a reasonable probability that police officials would have discovered the derivative evidence apart from the unlawful conduct." State v. Perkins
(1985), 18 Ohio St.3d 193, 195, 480 N.E.2d 763. Although we herein reverse in toto the trial court's decision to overrule the motion to suppress, we refrain from addressing the doctrine of "inevitable discovery", as the trial court did not reach this issue.
 {¶ 14} Appellant's sole Assignment of Error is sustained.
 {¶ 15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, J., Farmer, J., concurs.
Hoffman, P.J., concurs separately.
[1] The trial court also alternatively ruled that appellant had waived his argument concerning probable cause by effectively conceding to the lack thereof in his motion to suppress. However, given that the court allowed appellant to brief the issue following the hearing on the motion to suppress, we decline to render the issue waived.