DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Fulton County Court of CommonR Pleas convicting appellant for assaulting a peace officer . For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On August 8, 2003, police responded to a domestic disturbance call at the apartment occupied by appellant, Jason Caldwell, and his girlfriend, Jill Warner. According to testimony by village of Fayette Police Officer Jason Simon, as Officer Simon pulled into the drive he saw a woman, Jill Bates, a friend of Jill Warner, standing by the apartment door, which was open. Jill Bates waived to Officer Simon to enter the residence.
 {¶ 3} Officer Simon testified that as he approached, he could hear another woman crying inside. Officer Simon entered through the front door and went into the living room of the apartment to speak with Warner, who appeared distressed. Warner told Officer Simon that appellant and she had fought, and that appellant had broken a window pane and kicked in the back door. Warner did not tell Officer Simon to leave the apartment. At this time, Fayette Police Officer Alessandra Norden entered the apartment. Officer Norden testified that when she entered the apartment, Warner said, "Oh, I'm so glad you're here. He just went crazy. I told him to leave the house and he wouldn't. And I don't want him here anymore."
 {¶ 4} As Officer Simon was speaking with Warner, appellant entered the living room from a hallway and began yelling expletives at Warner and Officer Simon, screaming, "Get the fuck out of here. She's fucking lying." Officer Simon testified that he could smell alcoholic beverages on appellant's breath.
 {¶ 5} According to Officer Simon, he told appellant to go to the bedroom so that they could talk. Both officers testified that the goal was to separate appellant and Warner in order to talk with each of them alone. Appellant walked to the bedroom, followed by Officer Simon. Appellant entered the bedroom and slammed the door behind him, before Officer Simon entered the bedroom. Officer Simon then opened the door, and, according to his testimony, was attacked by appellant. Officer Norden testified that she then entered the bedroom and saw appellant holding Officer Simon in a headlock. The two officers wrestled with appellant, during which appellant kicked Officer Norden in the ribs. The two officers eventually restrained appellant on the ground and handcuffed him.
 {¶ 6} On August 18, 2003, appellant was indicted on two counts of assault of a peace officer, a violation of Ohio Revised Code Section2903.13(A), a felony of the fourth degree.
 {¶ 7} On October 28, 2003, appellant filed a motion to suppress evidence obtained through the warrantless seizure of the appellant, stating that "the defendant had a right not to answer, walk away, enter into and close the bedroom door to preclude any further questioning." Additionally, appellant argued that a custodial situation arose when the police officer directed appellant to the bedroom, and, as a consequence, appellant had a right to remain silent but was not made aware of his constitutional rights by the police officer.
 {¶ 8} On November 25, 2003, the trial court denied the motion to suppress. The court held that exigent circumstances existed that permitted the police officer to lawfully enter the premises, and thus the officer, "* * * had every right to enter the bedroom to subdue [appellant] based on his violent behavior, and to ensure the safety of himself and the other occupants of the home." In addition, the court held that Miranda warnings were not required in this situation because defendant's statements were "volunteered statements to which Miranda is inapplicable."
 {¶ 9} On December 18, 2003, appellant pled no contest to the two counts of assault. On February 13, 2004, appellant was sentenced to three years of community control, with a reserved term of 16 months incarceration on each count, sentence to be served consecutively, and a fine of $500.
 {¶ 10} Appellant now appeals, setting forth the following assignments of error:
 {¶ 11} "I. The trial court erred by denying appellant's motion to suppress and/or dismiss because the state failed to establish that exigent circumstances justified the warrantless search of the premises and subsequent seizure of appellant.
 {¶ 12} "II. The trial court erred by denying appellant's motion to suppress because the officer's continued presence at the premises exceeded the permissible scope and purpose of the initial intrusion."
 {¶ 13} Appellant's two assignments of error will be discussed together.
 {¶ 14} Under the Fourth Amendment to the Constitution of the United States and Article I, Section 14, of the Constitution of Ohio, warrantless searches and seizures are unreasonable per se. State v.Kessler (1978), 53 Ohio St.2d 204, 207. To this basic rule there are only a few specifically established exceptions. The state bears the burden of proving that one of these exceptions applies in order to justify a warrantless entry. Id.
 {¶ 15} It has been long established, however, that a warrantless search or seizure is not unreasonable and the evidence discovered is not subject to exclusion when one with authority voluntarily consents to the search or entry. Schneckloth v. Bustamonte (1973), 412 U.S. 218, 245-246. The authority to consent to search a protected area does not rest solely with one who seeks to assert Fourth Amendment rights. Consent may also be provided by a third party "* * * who posess[es] common authority over or other sufficient relationship to the premises or effects sought to be inspected." United States v. Matlock (1973), 415 U.S. 164, 171. A warrantless entry has also been held to be valid when police officers reasonably rely upon a third person's apparent authority to consent to the entry when the reliance is made in good faith and based on facts known to the police. Illinois v. Rodriguez (1980), 497 U.S. 177, 188.
 {¶ 16} When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness.State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Guysinger (1993), 86 Ohio App.3d 592, 594.
 {¶ 17} In its denial of the motion to suppress, the trial court found "* * * that Jill Warner gave consent for both Fayette police officers to enter the residence and to remain inside the residence. Therefore, a warrant was not required to enter and to remain inside the residence." There is evidence of record to support this finding.
 {¶ 18} Jill Warner was a resident of the premises in question. Consent was provided when the agent of Warner, Jill Bates, motioned police officers into the apartment. The police had already received a call requesting assistance. Once the police officer was inside the apartment, Jill Warner ratified the consent to enter offered by Bates, stating that she was thankful the officer was there.
 {¶ 19} This testimony is sufficient to support the trial's court finding that consent for entry was granted. There is nothing in the record to suggest that Warner limited consent to exclude police entry into the bedroom.
 {¶ 20} Moreover, we have previously held that the Fourth Amendment's exclusionary rule "* * * does not sanction violence as an acceptable response to improper police conduct." State v. Cal, 6th Dist. No. OT-03-025, 2004-Ohio-1329, at ¶ 16, citing State v. Ali,154 Ohio App.3d 493, 2003-Ohio-5150, at ¶ 16. Evidence of a criminal act following an illegal entry will not be excluded when it is not related to the original disputed entry because "* * * a defendant's voluntary criminal act is not an exploitation of a prior illegal search and seizure, but constitutes an independent source of evidence." Id., at ¶ 17.
 {¶ 21} Based on the foregoing, we conclude that both of appellant's assignments of error are not well-taken.
 {¶ 22} On consideration whereof, the court finds that substantial justice was done the party complaining and the judgment of the Fulton County Court of Common Pleas is affirmed. Court costs to appellant pursuant to App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., concur.