DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Victor Mackey, appeals from the judgment of the Wayne County Court of Common Pleas denying his motion to suppress. This Court affirms.
 I. {¶ 2} On June 21, 2004, appellant was stopped by Officer Kristopher Conwill for making an improper left turn. At the time of the stop, Officer Conwill did not have his warning booklet and radioed another officer, requesting a booklet. In addition, Officer Conwill requested that the other officer, Brian Waddell, also perform a drug sniff on the car with his canine, Quinto. Upon arriving at the scene, Officer Waddell informed appellant and the car's two passengers of his intentions to conduct a drug sniff on the vehicle. At that time, Officer Conwill observed the backseat passenger place something into his pocket. Officer Conwill immediately removed the passenger, patted him down, and located drugs in his pocket.
 {¶ 3} Officer Conwill placed the backseat passenger under arrest and ordered appellant and the remaining passenger to exit the car. Upon patting down appellant, Officer Conwill found that he had more than $700 in cash. Appellant and the remaining passenger were then handcuffed and placed away from the car to ensure the officers' safety. Officer Conwill then began searching the car and located a glove box below the front passenger's seat. The box was locked, but Officer Conwill located the key on appellant's key ring and opened the box. Inside the box, Officer Conwill located and seized bags of cocaine and marijuana. Appellant and the frontseat passenger were then placed under arrest.
 {¶ 4} As a result of the search, appellant was charged with possession of crack cocaine. On November 16, 2004, appellant moved to suppress the drug evidence, arguing that the officers did not conduct a search incident to a lawful arrest and that the officers lacked probable cause to search the vehicle. Following an evidentiary hearing, the trial court denied appellant's motion. Appellant, thereafter, entered a no contest plea and was sentenced to two years incarceration. Appellant timely appealed, raising two assignments of error for review. For ease, appellant's assignments of error have been consolidated.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED WHEN IT FAILED TO SUPPRESS EVIDENCE OBTAINED THROUGH AN UNLAWFUL SEARCH INCIDENT TO THE ARREST OF A PASSENGER IN THE VEHICLE APPELLANT OWNED AND WAS OPERATING."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED WHEN IT FAILED TO SUPPRESS EVIDENCE OBTAINED THROUGH AN UNLAWFUL SEARCH NOT SUPPORTED BY PROBABLE CAUSE."
 {¶ 5} In his assignments of error, appellant argues that neither rationale argued by the State supports the trial court's denial of his motion to suppress. This Court disagrees.
 {¶ 6} A trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact to the reviewing court. State v. Long
(1998), 127 Ohio App.3d 328, 332. This Court will accept the factual findings of the trial court if they are supported by some competent and credible evidence. State v. Searls (1997), 118 Ohio App.3d 739, 741. The application of the law to those facts, however, will be reviewed de novo. Id.
 {¶ 7} The parties do not contest the underlying facts as stated above. Accordingly, appellant does not challenge that the backseat passenger was properly arrested. Appellant, however, urges that the arrest of a backseat passenger cannot be used to justify the search of appellant's vehicle. The Ohio Supreme Court has held that
"when a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. Under our holding, the warrantless search of appellant's vehicle did not violate the Fourth Amendment or Section 14, Article I." State v. Murrell
(2002), 94 Ohio St.3d 489, 496.
This rationale stemmed from the U.S. Supreme Court's holding that such a search does not violate the U.S. Constitution. New York v. Belton
(1981), 453 U.S. 454, 460, 69 L.Ed.2d 768. Further, this Court, consistent with Murrell, has held that the arrest of a passenger justifies the search of the vehicle. State v. Wilson, 9th Dist. No. 02CA0013-M, 2003-Ohio-540, at ¶¶ 8-10. Accordingly, Officer Conwill was authorized to search the vehicle following the arrest of the backseat passenger.
 {¶ 8} Appellant also asserts that even if Officer Conwill was permitted to search the vehicle, he was not permitted to search the locked glove box. The Belton court, however, held that "police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach." Belton, 453 U.S. at 460. The court clarified that container meant "any object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like." Id. at 460, n. 4. Accordingly, Officer Conwill was authorized to search the glove box located beneath the passenger's seat following the arrest of the backseat passenger.
 {¶ 9} Based upon our conclusion that the search was a lawful search incident to the arrest of the backseat passenger, we need not address appellant's argument that the officers lacked independent probable cause to justify the search. Accordingly, appellant's assignments of error are overruled.
 III. {¶ 10} Appellant's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Batchelder, J. Concur