OPINION
{¶ 1} Appellant Cordrick Owens appeals the denial of his motion to suppress evidence, following his convictions for cocaine possession and trafficking in the Stark County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On the evening of August 1, 2005, appellant was arrested by officers from the Jackson Township Police Department after selling cocaine to a confidential informant at the parking lot of the Olive Garden Restaurant in the Belden Village area. At the time, appellant had a small amount of cocaine and a large sum of money on his person. After arresting appellant, however, the officers at the scene searched the automobile he had been driving, a brown 1979 Chevy Malibu, discovering more than 120 grams of cocaine.
 {¶ 3} On September 6, 2005, the Stark County Grand Jury indicted appellant on one count of trafficking in cocaine (R.C.2925.03(A)(2)), a felony of the second degree; one count of trafficking in cocaine (R.C. 2925.03(A)(1)), a felony of the fifth degree; and one count of possession of cocaine (R.C.2925.11(A)), a felony of the second degree. Appellant initially pled not guilty to all three counts in the indictment.
 {¶ 4} On September 13, 2005, appellant filed a motion to suppress the results of the search of his automobile. A suppression hearing was held on October 4, 2005, during which appellant took the stand. On November 2, 2005, the trial court issued a judgment entry denying the motion to suppress, essentially finding the search was valid as a search incident to a lawful arrest and that the "inevitable discovery" rule applied under the circumstances.
 {¶ 5} On November 7, 2005, appellant entered pleas of no contest to the three counts. Appellant received a sentence of four years on the two felony-2 counts, which were found to be allied offenses of similar import. On the felony-5 count, appellant was sentenced to a term of one year, to be served concurrently with the four-year sentence on counts one and two.
 {¶ 6} On November 10, 2005, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT'S DENIAL OF THE APPELLANT'S MOTION TO SUPPRESS WAS AN ERROR OF LAW."
 I. {¶ 8} In his sole Assignment of Error, appellant contends the trial court erred in denying his motion to suppress. We disagree.
 {¶ 9} There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982), 1 Ohio St.3d 19,437 N.E.2d 583; State v. Klein (1991), 73 Ohio App.3d 486,597 N.E.2d 1141; State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams
(1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry
(1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; State v. Claytor
(1993), 85 Ohio App.3d 623, 620 N.E.2d 906; Guysinger, supra. In the matter presently before us, we find appellant challenges the trial court's decision concerning the ultimate issue raised in his motion to suppress. Thus, in analyzing the assigned error, we must independently determine whether the facts meet the appropriate legal standard.
 {¶ 10} A warrantless search or seizure is per se unreasonable under the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution, subject to a few specific and well-cdelineated exceptions. California v. Acevedo
(1991), 500 U.S. 565; State v. Kessler (1978),53 Ohio St.2d 204, 207. The prosecution has the burden of establishing the application of one of the exceptions to this rule designating warrantless searches as per se unreasonable. Id. Any evidence obtained in violation of the accused's Fourth Amendment rights must be excluded. Mapp v. Ohio (1961), 367 U.S. 643, 655.
 Automobile Exception {¶ 11} A warrantless search of an automobile, where police officers have probable cause to believe such vehicle contains contraband, is one of the well-recognized exceptions to the search warrant requirement. See, e.g., State v. Griffin (Oct. 27, 1989), Erie App. No. E-88-45, citing United States v. Ross
(1982), 456 U.S. 798, 809. "[W]hen a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." State v. Mackey,
Wayne App. No. 05CA0029, 2005-Ohio-5109, ¶ 7, quoting State v.Murrell (2002), 94 Ohio St.3d 489, 496, 764 N.E.2d 986.
 {¶ 12} Murrell, supra, followed the United States Supreme Court's precedent regarding automobile searches established inNew York v. Belton (1981), 453 U.S. 454, 101 S.Ct. 2860,69 L.Ed.2d 768. Recently, in Thornton v. United States (2004),541 U.S. 615, 124 S.Ct. 2127, the Court considered whether Belton
extends to persons not occupying a vehicle at the time of arrest, and held that Belton controls even when a police officer does not make contact until the arrestee has left the vehicle in question. Id. at 615. In Thornton, the defendant had conceded that he was in "close proximity, both temporally and spatially," to his vehicle when first approached by the officer. Id. at 622, f.n. 2. Under the facts of the case, the Supreme Court concluded that "[s]o long as an arrestee is the sort of `recent occupant' of a vehicle such as petitioner was here, officers may search that vehicle incident to the arrest." Id. at 623-624.
 {¶ 13} In the case sub judice, the record reveals that when Jackson Police Detective Pamela Denczak arrived at the restaurant, the Chevy Malibu, previously identified by the confidential informant, was situated unoccupied in the parking lot. Tr. at 7, 10. According to Denczak, she then observed appellant walk away from the restaurant and meet with the informant at the Malibu. Id. The detective then saw appellant open the car door and briefly reach inside, temporarily disappearing from her view. Id. Appellant the came back into view, at which time the informant gave Denczak the prearranged signal that the drug deal had been completed. Tr. at 11.
 {¶ 14} Although, according to appellant's recounting of the incident, appellant never returned to his car before making the sale of the cocaine, he admitted to driving his car to the restaurant, going inside the building for a short period of time, and then exiting to conduct a level "felony-5" drug transaction. Tr. at 34-35. He also testified that he made the sale on the sidewalk by the side of the restaurant, but about fifteen to twenty feet from his car. Tr. at 37. Another defense witness, Shawana Bowen, the sister of appellant's girlfriend, testified that appellant "didn't go near the car." Tr. at 30.
 {¶ 15} Nonetheless, we are bound to accept a trial court's factual determinations made during a suppression hearing so long as they are supported by competent, credible evidence. State v.Harris (1994), 98 Ohio App.3d 543, 546. Upon review of the record in the case sub judice, we are unpersuaded the trial court erred in denying the motion to suppress based on its conclusion that appellant was not sufficiently removed, temporally or spatially, from the car subsequently searched.
 Inevitable Discovery Rule {¶ 16} Appellant also challenges the trial court's conclusion that the contraband would have been inevitably discovered via an inventory search. The inevitable discovery rule states that "illegally obtained evidence is properly admitted in a trial court proceeding once it is established that the evidence would have been ultimately or inevitably discovered during the course of a lawful investigation." State v. Perkins (1985),18 Ohio St.3d 193, 196, 480 N.E.2d 763. See, also, Nix v. Williams
(1984), 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377.
 {¶ 17} In the case sub judice, Detective Denczak testified that it was department policy to impound and search a vehicle in such circumstances subsequent to arrest. Tr. at 15-17. It is undisputed that the Malibu was found to be registered to another individual, and appellant was sole occupant. Upon review, we find no error in the trial court's conclusion that the drugs discovered in the vehicle would have been found pursuant to an inventory search under South Dakota v. Opperman (1976),428 U.S. 346, wherein the United States Supreme Court concluded that a routine inventory search of a lawfully impounded automobile is not unreasonable within the meaning of the Fourth Amendment of the United States Constitution when performed pursuant to standard police practice and when the evidence does not demonstrate that the procedure involved is merely a pretext for an evidentiary search of the impounded vehicle. Hence, we hold the motion to suppress was properly denied on the grounds of inevitable discovery as well.
 {¶ 18} Accordingly, appellant's sole Assignment of Error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, P.J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.